IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-01931-CMA-KMT

EUGENE J. GRIESS,

    Plaintiff,

v.

STEVE REAMS,
DUANE DURAN,
STEPHANIE TORNQUIST, and
MATTHEW ELBE

    Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE KATHLEEN M. TAFOYA**

---

This matter is before the Court on the March 17, 2020 Recommendation of United States Magistrate Judge ("the Recommendation") (Doc. # 41), wherein Magistrate Judge Kathleen M. Tafoya recommends that Defendant Steven Reams and Duane Duran's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("Motion to Dismiss") (Doc. # 35) be granted and this case be dismissed without prejudice for lack of subject matter jurisdiction. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the reasons described herein, the Court affirms and adopts the Recommendation.

## I.   BACKGROUND

Plaintiff filed his Amended Complaint on December 17, 2019, in which he alleges that he was denied a Kosher diet in violation of his First Amendment rights while incarcerated in the Weld County Jail. (Doc. # 40 at 4–6.) Plaintiff seeks only injunctive relief in the form of an order requiring Defendants to comply with his First Amendment rights by approving Kosher diets for Jewish inmates without requiring them to pass a gauntlet of tests. *See* (*id*. at 7).

Defendants Reams and Duran moved to dismiss Plaintiff's claims against them on the grounds that Plaintiff is no longer incarcerated in the Weld County Jail. (Doc. # 35 at 3–5); (Doc. # 35-1). Plaintiff filed a Response that failed to substantively address Defendants' arguments. (Doc. # 37 at 1.) On March 17, 2020, Judge Tafoya issued the instant Recommendation. No objection to the Recommendation has been filed.

## II.   LEGAL STANDARDS

### A.   REVIEW OF A RECOMMENDATION

"[T]he district court is accorded considerable discretion with respect to the treatment of unchallenged magistrate reports. In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

### A.      SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction and, as such, "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc. v. Kane Cty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.,* 384 F.3d 1220, 1224 (10th Cir. 2004). Federal subject matter jurisdiction can arise under 28 U.S.C. § 1331 for claims "arising under the Constitution, laws, or treaties of the United States" or under 28 U.S.C. § 1332(a) where the amount in controversy exceeds $75,000 and the conflict is between citizens of different states.

A federal court must satisfy itself as to its own jurisdiction and may take *sua sponte* action to do so. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver,* 628 F.2d 1289, 1297 (10th Cir. 1980). A court should not proceed without having first assured itself that jurisdiction exists. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Dismissal for lack of subject matter jurisdiction is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

### III.      DISCUSSION

"Because a prisoner's transfer or release 'signal[s] the end of the alleged deprivation of his constitutional rights,' *McKinnon v. Talladega Cnty., Ala.,* 745 F.2d

1360, 1362 (11th Cir. 1984), an entry of equitable relief in his favor 'would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him.' *Green* [*v. Branson*]*,* 108 F.3d [1296,] 1300 [(10th Cir. 1997)]." *Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011). Consequently, "when a prisoner files suit against prison officials who work in the institution in which he is incarcerated, seeking . . . injunctive relief on the basis of alleged wrongful conduct by those officials, and then that prisoner is subsequently transferred to another prison or released from the prison system," courts routinely dismiss such penitentiary-specific claims as moot. *Id.*

In her Recommendation, Magistrate Judge Tafoya concludes that the Court lacks subject matter jurisdiction over the instant action because Plaintiff is no longer incarcerated at the Weld County Jail. The Court agrees that Plaintiff's release from Weld County Jail renders his claims for injunctive relief against Weld County officials moot. See *Jordan,* 654 F.3d at 1298. Therefore, his claims against these Defendants must be dismissed without prejudice.[1] See *Brereton*, 434 F.3d at 1218.

### IV.     CONCLUSION

The Recommendation advised the parties that specific written objections were due within fourteen (14) days of being served with a copy of the Recommendation. (Doc. # 41 at 4.) Despite this advisement, no objection to the Recommendation has been filed.

---

[1] Plaintiff's claims against Weld County employees and named Defendants Tornquist and Elbe, who have not been served with the Amended Complaint, are also dismissed without prejudice for lack of subject matter jurisdiction.

After reviewing the Recommendation, in addition to applicable portions of the record and relevant legal authority, the Court is satisfied that the Recommendation is sound and not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Accordingly, the Court ORDERS that the March 17, 2020 Recommendation of United States Magistrate Judge (Doc. # 41) is AFFIRMED and ADOPTED as an Order of this Court. It is

FURTHER ORDERED that this action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

DATED: April 16, 2020

BY THE COURT:

*[signature]*
CHRISTINE M. ARGUELLO
United States District Judge